# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                                                                           Case No. 18-CR-62

**BRIAN L. GANOS** and
**SONAG COMPANY INC.,**

    Defendants.

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTIONS TO DISMISS, ECF NOS. 36 & 38

In this criminal case, the government alleges that Brian L. Ganos conspired with his solely owned corporation (Sonag Company, Inc.) and other individuals and entities to engage in a scheme to obtain government set-aside contracts for which they were not entitled. Specifically, the Superseding Indictment charges Mr. Ganos and Sonag together in two conspiracies: (1) Count One – conspiracy to engage in mail and wire fraud; and (2) Count Fourteen – conspiracy to engage in money laundering.

Sonag has moved to dismiss both conspiracy charges against the company, and Mr. Ganos has moved to dismiss Count Fourteen, arguing that a solely owned corporation cannot conspire with its owner as a matter of law. The United States agrees that a solely owned corporation cannot conspire *solely* with its owner but maintains that the conspiracy charges here are valid because the Superseding

Indictment alleges other persons or entities from outside the corporation with whom Mr. Ganos and Sonag conspired.

The Court agrees with the government. Because Counts One and Fourteen allege an agreement between Mr. Ganos, Sonag, and at least one other person, the plurality requirement for conspiracy—that it takes at least two persons to conspire—is satisfied. And the defendants have not cited any authority to support their claim that a solely owned corporation can never be charged with conspiring with its owner. The Court will therefore recommend that the defendants' motions be denied.

I.  **Background**

According to the Superseding Indictment, Brian L. Ganos was the sole owner and president of Sonag Company, Inc., a Wisconsin corporation that performed construction work. *See* ¶ 11, ECF No. 25. Beginning in June 2004, and continuing through August 2016, Mr. Ganos and others allegedly engaged in a scheme to obtain government set-aside contracts for which they were not entitled. *See id.* ¶ 1. They did so by recruiting three individuals who qualified as disadvantaged individuals or as a service-disabled veteran—J.L., T.A., and O.M.—to serve as straw owners of three newly formed construction companies: Nuvo Construction, Inc.; C3T, Inc.; and Pagasa Construction Company, Inc., respectively. *Id.* ¶¶ 11–19. In reality, Mr. Ganos and others controlled and operated the companies. *Id.* ¶¶ 20–21. With those straw owners in place, the companies obtained small business program

2

certifications, and Mr. Ganos and others used those certifications to fraudulently obtain over $200 million in government set-aside contracts. *Id.* ¶¶ 1–38.

On April 3, 2018, a Grand Jury returned a twenty-two-count indictment against Mr. Ganos, Mark F. Spindler, and Sonag. *See* Indictment, ECF No. 1. The Grand Jury returned a Superseding Indictment on May 1, 2018, that added Nuvo as a defendant, two additional counts against Mr. Ganos, and one additional count against Mr. Spindler. Count One charges all defendants with conspiracy to engage in mail and wire fraud, in violation of 18 U.S.C. § 1349. *Id.* ¶¶ 1–38. Counts Two through Five charge Mr. Ganos and Nuvo with wire fraud concerning the Nuvo contracts, in violation of 18 U.S.C. § 1343 and § 2. *Id.* ¶¶ 39–40. Counts Six through Nine charge Mr. Ganos with wire fraud involving C3T, in violation of 18 U.S.C. § 1343 and § 2. *Id.* ¶¶ 41–42. Counts Ten through Thirteen charge Mr. Ganos and Nuvo with mail fraud involving Nuvo's contracts, in violation of 18 U.S.C. § 1341 and § 2. *Id.* ¶¶ 43–44. Count Fourteen charges Mr. Ganos and Sonag with conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h). *Id.* ¶¶ 45–53. Counts Fifteen to Seventeen charge Mr. Ganos with concealment of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and § 2 *Id.* ¶¶ 54–59. Counts Eighteen to Twenty-Four charge Mr. Ganos with unlawful financial transactions, in violation of 18 U.S.C. § 1957 and § 2. *Id.* ¶¶ 60–65. And Count Twenty-Five charges Mr. Spindler with misprision of a felony, in violation of 18 U.S.C. § 4. *Id.* ¶¶ 66–67. The Superseding Indictment also contains a forfeiture notice. *See id.* ¶¶ 68–71.

The matter is assigned to United States District Judge Pamela Pepper for trial and to this Court for resolving pretrial motions. *See* 28 U.S.C. § 636(b)(1). It has been declared complex, *see* Arraignment and Plea Minutes, ECF No. 14, and trial is set for July 8, 2019, *see* Court Minutes and Order, ECF No. 88.

On August 24, 2018, Sonag filed a motion to dismiss the two conspiracy charges (Counts One and Fourteen) against the company. *See* Sonag's Motion to Dismiss, ECF No. 36. Mr. Ganos likewise filed a motion to dismiss Count Fourteen. *See* Ganos' Motion to Dismiss Count 14, ECF No. 38. Both motions are fully briefed and ready for disposition. *See* Sonag's Memorandum Supporting Motion to Dismiss, ECF No. 37; United States' Response to Sonag's Motion to Dismiss Counts One and Fourteen and Ganos's Motion to Dismiss Count Fourteen, ECF No. 57; Sonag's Reply Supporting Motion to Dismiss, ECF No. 63; Ganos' Reply Re: Motion to Dismiss Count 14, ECF No. 66.

**II. Discussion**

Sonag has moved, pursuant to Fed. R. Crim. P. 12(b)(3)(B), for an order dismissing Count One against it. Sonag and Mr. Ganos also seek an order dismissing Count Fourteen in its entirety.

**A. Legal standard**

An "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). To be legally sufficient, an indictment "must identify the elements of the crime, fairly inform the defendant of the charge so that he may prepare a defense, and enable

4

the defendant to evaluate any double jeopardy problems." *United States v. Phillips*, 645 F.3d 859, 861 (7th Cir. 2011) (citing *Hamling v. United States* 418 U.S. 87, 117–18 (1974); *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991)). "In setting forth the offense, it is generally acceptable for the indictment to 'track' the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citing *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981)).

"To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment did not satisfy one or more of the required elements and that he suffered prejudice from the alleged deficiency." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citing *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir. 2009)). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Vaughn*, 722 F.3d at 925 (quoting *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003)). In assessing the sufficiency of an indictment, courts are to review the document in its entirety, giving it a "practical," rather than a "hypertechnical," reading. *Smith*, 230 F.3d at 305 (citing *United States v. McNeese*, 901 F.2d 585, 602 (7th Cir. 1990)).

### B. Legal analysis

It is undisputed that "at least two persons are required to constitute a conspiracy." *Rogers v. United States*, 340 U.S. 367, 375 (1951). It is also undisputed

5

that "[a] corporation is criminally liable for the crimes, including conspiracy, committed at least in part for its benefit, by its officers, employees and agents." Charles Doyle, Cong. Research Serv., R41223, *Federal Conspiracy Law: A Brief Overview* 4 (2016); *see also* Section 5.03, Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.). The dispute here lies at the intersection of corporate and conspiratorial liability: whether the plurality requirement is satisfied when an indictment charges a solely owned corporation with conspiring with its owner.

According to the government, plurality is met as long as the indictment names at least one other human actor within the corporation or at least one person or entity from outside the corporation. The defendants contend that the presence of any third party is inconsequential because a solely owned corporation cannot conspire with its owner as a matter of law. Applying their theory, the defendants maintain that Sonag must be dismissed from Count One and that Count Fourteen be dismissed altogether for lack of plurality. Sonag further maintains that charging Mr. Ganos and his solely owned corporation together in the same conspiracy violates the Fifth Amendment's double jeopardy prohibition. Also, according to Sonag, accepting the government's theory of plurality would result in impermissibly duplicitous charges in both Count One and Count Fourteen and would violate the Grand Jury Clause of the Fifth Amendment.

### 1. The plurality requirement

The plurality requirement is satisfied with respect to Counts One and Fourteen of the Superseding Indictment, as each Count alleges an agreement

between Mr. Ganos, Sonag, and at least one other individual or entity. Count One charges Mr. Ganos and Sonag with knowingly conspiring with Mr. Spindler and Nuvo to engage in mail and wire fraud. *See* Superseding Indictment ¶ 1. And Count Fourteen explicitly alleges that Mr. Ganos and Sonag conspired with L.M. and other Ganos-affiliated entities to engage in money laundering. *See id.* ¶ 46. It is irrelevant for plurality purposes that those individuals or entities are not charged in the Superseding Indictment. *See United States v. Townsend*, 924 F.2d 1385, 1389 (7th Cir. 1991) ("True, it takes at least two to conspire, but the government doesn't have to prove with whom a defendant conspired; it need only prove that the defendant joined the agreement alleged."); *United States v. Long*, 300 F. App'x 804, 815 (11th Cir. 2008) (suggesting that co-conspirators need not be named in the indictment); *Developments in the Law: Criminal Conspiracy*, 72 Harv. L. Rev. 922, 951 (1959) (noting that plurality is established "when a corporation, one of its officers, and a third person combine for unlawful ends").

Sonag maintains that the "intra-corporate conspiracy rule," which dictates "that a corporation or other business entity may be found vicariously liable for the wholly internal agreements of its agents," Shaun P. Martin, *Intracorporate Conspiracies*, 50 Stan. L. Rev. 399, 399 (1998), "does not help the government here." Sonag's Mem. 10. That may be true. But Sonag's focus on intra-corporate conspiracies—and its suggestion that plurality must exist *within* the corporation, *see* Sonag's Reply 4—is misplaced, as the Superseding Indictment does not on its face charge Mr. Ganos and Sonag with engaging in a wholly intra-corporate

7

conspiracy. Count One charges the defendants with conspiring with an outside accountant (Mr. Spindler) and a company (Nuvo) of which Mr. Ganos was a minority owner. *See* Superseding Indictment ¶¶ 12–13. Likewise, Count Fourteen alleges that the defendants conspired with an "outside professional consultant" (L.M.) who was not employed by or an agent of Sonag. *See* Sonag's Reply 6. The Superseding Indictment therefore charges the defendants with engaging in an "extra-corporate" conspiracy.

It is universally accepted that the government may validly charge a corporate employee with conspiring with an outside agent; whether the corporate employer may also be charged depends on the application of ordinary agency principles. *See, e.g.*, *United States v. Sain*, 141 F.3d 463, 475 (3d Cir. 1998) ("If an agent of the corporation conspires with another individual, the corporation for which the individual is the agent may be criminally liable."); *United States v. Hughes Aircraft Co.*, 20 F.3d 974, 979 (9th Cir. 1994) (declining to apply the intra-corporate conspiracy doctrine to shield a corporation from criminal liability); *United States v. Stevens*, 909 F.2d 431, 431 (11th Cir. 1990) ("[A] sole stockholder who completely controls a corporation and is the sole actor in performance of corporate activities, cannot be guilty of a criminal conspiracy with that corporation *in the absence of another human actor*.") (emphasis added); *United States v. Peters*, 732 F.2d 1004, 1008 (1st Cir. 1984) ("The actions of two or more agents of a corporation, conspiring together on behalf of the corporation, may lead to conspiracy convictions of the agents."); *United States v. Hartley*, 678 F.2d 961, 968–970 (11th Cir. 1982) (finding

that "the existence of noncorporate coconspirators alleviate[d] the need for a discussion of the intracorporate conspiracy doctrine"); *United States v. Carroll*, 144 F. Supp. 939, 942 (S.D.N.Y. 1956) (acknowledging that a corporation may be party to a conspiracy if it "had been in concert with another or with individuals who were not members of the corporation"); Martin, *Intracorporate Conspiracies*, 50 Stan. L. Rev. at 408 ("If a corporate employee has conspired with some outside agent, she can validly be charged with conspiracy. Her corporate employer may also be punished under a respondeat superior theory of agency."); *Developments in the Law*, 72 Harv. L. Rev. at 951 ("When two corporations and an officer of each are indicted, the necessary plurality is evident. It is also apparent when a corporation, one of its officers, and a third person combine for unlawful ends."). Given the presence in Counts One and Fourteen of "at least two" human actors, it does not matter for plurality purposes whether the corporation is "counted" separably from its owner.

The defendants nevertheless maintain that Sonag must be dismissed from Count One and that Count Fourteen must be dismissed altogether because "a solely-owned corporation cannot conspire separably from its owner" as a matter of law. Sonag's Mot. ¶ 9; Ganos' Mot. ¶ 9. According to the defendants, Sonag is not merely G-A-N-O-S spelled backward—factually and legally, the two compromise a single entity. That is, "the acts and agreements of the owner are the acts and agreements of the corporation and are the only way in which the solely-owned corporation . . . can act or agree." *Id*. In the defendants' view, then, the Superseding

9

Indictment impermissibly charges Mr. Ganos with conspiring with himself via Sonag, his solely owned corporation.

The defendants, however, have not cited any authority to support their claim that a solely owned corporation and its owner cannot be members of the same conspiracy as a matter of law. Rather, the authority relied upon by the defendants stands for a much narrower principle: a solely owned corporation cannot conspire *solely* with its owner. *See Carroll*, 144 F. Supp. at 941–42 (granting defendants' trial motion to dismiss conspiracy charge due to lack of evidence inculpating anybody else beside the corporation and its owner in the conspiracy); *Union Pac. Coal Co. v. United States*, 173 F. 737, 745 (8th Cir. 1909) (reversing conspiracy convictions of corporation and its agent because "[n]o other agent or officer of the . . . company had any knowledge of [the scheme], or gave any assent to it"); *Stevens*, 909 F.2d at 431–34 (reversing defendant's conviction for conspiring with his four solely owned corporations but no other human actor); *Peters*, 732 F.2d at 1007–08 & n.6 (distinguishing conspiracy convictions of corporation, its president, and its vice president from a corporate officer acting alone on behalf of the corporation); *United States v. Am. Grain & Related Indus.*, 763 F.2d 312, 320 (8th Cir. 1985) (affirming corporation's conviction for conspiring with several employees); *United States v. Panhandle Trading, Inc.*, Case. No. 5:05cr44-RS-ALL, 2006 U.S. Dist. LEXIS 46195, at *1–11 (N.D. Fla. July 7, 2006) (denying pretrial motion to dismiss conspiracy count against defendant and his two solely owned corporations); Sarah N. Welling, *Intracorporate Plurality in Criminal Conspiracy Law*, 33 Hastings L.J. 1155, 1185–

10

99 (1982) (distinguishing conspiracies between a single agent and his corporation from conspiracies involving several agents of a single corporation). That narrow principle is inapplicable here, as the Superseding Indictment alleges individuals or entities other than Mr. Ganos and Sonag with whom the defendants allegedly conspired.

### 2. Double jeopardy

Sonag also argues that charging the company with conspiring with its sole owner violates the Double Jeopardy Clause of the Fifth Amendment because it requires Mr. Ganos to secure two acquittals to win on Count One or Count Fourteen. *See* Sonag's Reply 7–10. This argument was raised for the first time in a reply brief, and so it is forfeited. The Court also is unpersuaded on its merits.

The Fifth Amendment prohibits "any person" from being "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. Although Mr. Ganos appears to be its sole owner, Sonag "is a separate legal entity, with an existence 'independent of individuals who compose it.'" *Sain*, 141 F.3d at 474 (quoting William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 5, at 441 (Permanent ed. 1990)). Sonag therefore is considered a "person" for double jeopardy purposes, *see United States v. Hospital Monteflores, Inc.*, 575 F.2d 332, 335 (1st Cir. 1978); *United States v. Sec. Nat'l Bank*, 546 F.2d 492, 494 (2d Cir. 1976); *see also United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977) (upholding corporation's double-jeopardy challenge), and faces its own punishment for the conspiracies charged in Counts One and Fourteen.

11

Consequently, the Superseding Indictment does not twice place the same person in jeopardy.

### 3. Multiple conspiracies

Sonag further argues that Counts One and Fourteen, as charged, are each duplicitous and that the government's charging theory constitutes an impermissible amendment of the Superseding Indictment. *See* Sonag's Reply 10–13. The Court respectfully disagrees.

Sonag's argument rests on the faulty premise that a solely owned corporation can never be charged with conspiring with its owner and that, therefore, the Counts must be read as each involving two conspiracies—one in which Mr. Ganos (but not Sonag) is a member, and a second in which Sonag (but not Mr. Ganos) is a member. As explained above, however, there is no prohibition on including an owner and his corporation in the same charged conspiracy. Thus, Counts One and Fourteen properly charge one conspiracy each: Count One charges Mr. Ganos and Sonag with conspiring with Mr. Spindler, Nuvo, and "other persons and entities known and unknown to the Grand Jury, Superseding Indictment ¶ 1; and Count Fourteen charges Mr. Ganos and Sonag with conspiring with "other persons and entities known and unknown to the Grand Jury" (including L.M.; Sonag I, LLC; and Trinity Marketing Services, Inc.), Superseding Indictment ¶ 46. *See Developments in the Law*, 72 Harv. L. Rev. at 951 (explaining, with respect to the "well-established exception to the common-law rule" prohibiting conspiracies between husband and wife, that an agreement with a third party can be treated "as a conspiracy between

12

the husband-wife unity and the third party"). The charges therefore are not duplicitous, and the government is not attempting to impermissibly broaden the Superseding Indictment.

### 4. Remedy

Finally, even if the defendants' theory was an accurate reflection of the law, they have not provided any legal support for the remedy they seek here. For example, rather than dismissal, the Court could address the defendants' concerns by simply instructing the jury that it could not convict Mr. Ganos or Sonag of Count One or Count Fourteen if they were the only two conspirators. *See Panhandle*, 2006 U.S. Dist. LEXIS 46195 at *9–11. The pretrial dismissal of Sonag from Count One and of Count Fourteen in its entirety would amount to killing a mosquito with a cannon.

## III. Conclusion

Accordingly, for all the foregoing reasons, the Court will recommend that the defendants' motions to dismiss be denied.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Sonag's Motion to Dismiss, ECF No. 36, and Ganos' Motion Dismiss Count 14, ECF No. 38, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Report and Recommendation. Objections are to be filed in accordance with

the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with Judge Pepper shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify Judge Pepper in writing.

Dated at Milwaukee, Wisconsin, this <u>27th</u> day of November, 2018.

**BY THE COURT:**

<u>*s/ David E. Jones*</u>
DAVID E. JONES
United States Magistrate Judge

14

Case 2:18-cr-00062-PP    Filed 11/27/18    Page 14 of 14    Document 90